**BARCO MACHINE PRODUCTS CO., Plaintiff-Appellant, v. TURNER PRINTING MACHINERY CO., Defendant-Appellee.**

Ohio Appeals, Eighth District, Cuyahoga County.

No. 22027. Decided February 26, 1951.

Max S. Fishel, Cleveland, for plaintiff-appellant.
P. Jerome Pasch, Cleveland, for defendant-appellee.

258

## OPINION

Per CURIAM:

We are of the opinion that the trial court erred in excluding plaintiff's exhibits G, H, I and J, from the consideration of the jury. These exhibits were competent and relevant upon the subject of damages. They tend to reflect the attitude of the parties on the subject of damages after the alleged breach and are competent as bearing upon the damages supposed to have been within the contemplation of the parties at the time the contract was made.

We hold also that the trial court was in error in its answer to the question propounded by the jury, relating to paragraph 6 of the Quote Sheet. The jury's inquiry was directed to the question whether paragraph 6 of the quote sheet might be considered as a qualification of plaintiff's promises to perform the contract within the time claimed by the defendant. The quote sheet was received in evidence and the jury ought to have been instructed that paragraph 6 thereof was competent as bearing upon the time of performance and the agreement of the parties with reference thereto.

We hold further that it was error for the trial court to refuse to examine and consider the deposition offered by plaintiff in support of its motion for a new trial.

The court's error in failing to make reference to "consideration" as an element of a contract is one of omission.

We find no other errors.

Judgment reversed and cause remanded for further proceedings according to law. Exc. Order see journal.

SKEEL, PJ, HURD, J, McNAMEE, J, concur.

### (ON REHEARING, AFTER GRANTING OF MOTION FOR REHEARING FILED BY DEFENDANT APPELLEE.)

No. 22027.  Decided April 23, 1951.

### APPEAL ON QUESTIONS OF LAW

Per CURIAM:

This is the second time this case has come to this Court on appeal on law from the Municipal Court of Cleveland.

On the first appeal, the question involved was the action of the Municipal Court in a trial to the Court without a jury. To the original action on an account stated, the defendant had interposed a defense of accord and satisfaction and in addition a counter-claim for damages because of failure of the plaintiff to complete the paper drill experimental model ordered and as to which it was claimed that time was of the essence.

On the original hearing, the defendant made a motion at the close of plaintiff's case for a directed verdict and judgment on the petition in which motion the plaintiff joined and asked for a dismissal of the cross-petition. The court thereupon entered judgment for the defendant on plaintiff's petition and dismissed the cross-petition. Plaintiff took no appeal but defendant filed an appeal on law to this Court. After hearing, this Court reversed the judgment of the Municipal Court for error of law in dismissing defendant's cross-petition at the close of plaintiff's case, and remanded the case to the Municipal Court with instructions to reinstate the cross-petition, to proceed to trial thereon, and for further proceedings according to law.

When this case came on for trial the second time, the trial judge then hearing the case, apparently interpreted the action of this Court in remanding the case for trial on the cross-petition as precluding the introduction of any evidence involved in plaintiff's original claim and as precluding any evidence by way of defense that there had been an accord and satisfaction of the claim stated in the cross-petition. It was not the intention of this Court to preclude any such evidence as might be properly pleaded. The trial court, at any rate excluded Exhibit H. This was error since the exhibit was competent and relevant upon the subject of damages, tending to reflect the attitude of the parties on the subject of damages after the alleged breach, and competent also as bearing upon the damages supposedly within the contemplation of the parties at the time the contract was made. Although Exhibits I and J were identified and in our opinion, competent, they were never offered in evidence.

We find error also in the action of the trial court in its answer to the question propounded by the jury, relating to paragraph 6 of the Quote Sheet. The jury's inquiry was directed to the question whether paragraph 6 of the Quote Sheet might be considered as a qualification of plaintiff's promises to perform the contract within the time claimed by the defendant. The Quote Sheet was received in evidence and

the jury should have been instructed that paragraph 6 on the reverse side was competent, along with other evidence, as bearing upon the time of performance and the agreement of the parties with reference thereto.

It was likewise error for the trial court to refuse to receive in evidence the deposition offered by plaintiff in support of its motion for a new trial. On this point it is to be noted that by §11579 GC, depositions, as well as affidavits, are authorized and in fact required, in proof of such newly discovered evidence as is the basis for a motion for a new trial under §11576-(7) GC. For this reason the deposition should have been received in evidence and considered by the Court.

The Court's error in failing to make reference to "consideration" as an element of the contract was one of omission.

We find no other errors.

Judgment reversed and cause remanded for further proceedings according to law. Exceptions. Order see journal.

SKEEL, PJ, THOMPSON, J, HURD, J, concur.